**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRACE L. SANDOVAL, Plaintiff, vs. COLIN POWEL, Defendant. | CASE NO. 10cv72-WQH-RBB **ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis and the Motion to Appoint Counsel. (Doc. # 2, 3).

**BACKGROUND**

On January 11, 2010, Plaintiff Grace L. Sandoval, a nonprisoner proceeding pro se, initiated this action by filing the Complaint. (Doc. # 1). On January 11, 2010, Plaintiff also filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP"), and the Motion to Appoint Counsel. (Doc. # 2, 3).

**ANALYSIS**

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not employed, receives unemployment insurance payments of $40 per week, has a checking account with a balance of $180, owns a 2002 Honda Civic, and does not have any other significant assets such as real estate, stocks, bonds or securities. (Doc. # 2 at 2-3). Plaintiff states that she owes $5,000 to the "U.S. Department of Education" and $854 to "Cash Collections." (Doc. # 2 at 3). The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II. Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B).

The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Complaint consists of 28 pages, written as a single paragraph, in a stream of consciousness manner that is often unintelligible and/or incoherent. These allegations are insufficient to put Defendant on notice of the claims against him, as required by Rule 8 of the Federal Rules of Civil Procedure.[1] For this reason, the Court finds that Plaintiff fails to state a claim on which relief can be granted.

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). When determining whether

[1] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

The following is an example of the Complaint's allegations:

> Lupe Swain ... is joined with the orphans from Orange County, California in forcing ecstasy in the human mouth of many Americans in the United States illegally to force sex, rape, to force pregnancy, to kidnap thousands of children born premature with the drug Provera illegally in various counties in California. Patrick J. Clark and his gay mate O.J. Simpson kidnap thousands of children born premature with the drug Provera illegally in various counties in California. Lupe Swain is involved in hanging people to death in Imperial County, California with the illegals from Mexicali, Mexico....

(Doc. # 1 at 3-4). The Complaint contains 28 pages of rambling, often-fantastic allegations similar to the example quoted above. The Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**III. Appointment of Counsel**

In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment of counsel is denied as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis (Doc. # 2) is **GRANTED**. The Complaint is **DISMISSED** without prejudice, and this case shall be closed. The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED: January 26, 2010

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge